IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KIMBERLY WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 23-56 (MN) |
| ) | |
| ROBERT EUGENE BASKIN, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

Kimberly Watkins, New Castle, Delaware – Pro Se Plaintiff.

July 10, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On January 17, 2023, Plaintiff Kimberly Watkins filed this action. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The Amended Complaint is the operative pleading. (D.I. 11). Plaintiff has also filed two motions for injunctive relief, a motion for e-filing privileges, and several motions for issuances of writs of executions and default judgments. (D.I. 7, 12, 13, 31-43). The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

**I.   BACKGROUND**

Plaintiff's allegations and claims are difficult to discern from her filings. She appears to assert that she has been vested with power of attorney by the estate of Baskin Robert Eugene, whom she names as one of the Defendants. She also names as Defendants the Internal Revenue Service (IRS), an IRS revenue officer, Fidelity Services, and MUFG Union Bank. Plaintiff appears to assert that the IRS is pursuing some sort of action against her (or perhaps against the estate of Baskin Robert Eugene), possibly related to a tax return she filed, and that her amended tax return has been ignored. In an affidavit, Plaintiff describes herself as a titled sovereign and asserts that the federal government has no authority over her and that federal laws do not apply to her. (D.I. 8 at 1, 3). Plaintiff's claims appear to be nearly exclusively rooted in federal criminal statutes, although she also makes passing reference to several constitutional amendments.

For relief, she appears to request declaratory relief as to ownership and rights of different property, "the return of property and trust funds stolen from trust accounts" and damages. (D.I. 11 at 13).

**II.   SCREENING OF COMPLAINT**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-

pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Plaintiff's Amended Complaint, even when viewed in the light most favorable to her, is frivolous, fails to state a claim, and names defendants that are immune to suit.

First, the allegations, to the extent that they are understood, are legally and factually frivolous. They "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).

Second, a private party has no right to enforce criminal statutes, *see Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (per curiam), and Plaintiff therefore fails to state a claim in her attempts to invoke criminal statutes in this civil suit. Furthermore, Plaintiff's passing reference to constitutional amendments, in combination with the dearth of factual allegations that would implicate her rights under any individual amendment, are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 67.

Finally, the IRS is immune from suit. It is well-established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity. *United States v. Mitchell (I)*, 445 U.S. 535, 538 (1980). Moreover, "[i]t is axiomatic that the United States may

not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell (II)*, 463 U.S. 206, 212 (1983).

Accordingly, the Amended Complaint will be dismissed.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Amended Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii). Amendment is futile. All pending motions will be denied as moot.

An appropriate Order will be entered.